# AFFIDAVIT

I, Rebecca A. Bobich, being duly sworn, depose and state the following:

1. That I am currently employed as a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), United States Department of Justice, and that I have been so employed since August of 1992. I am currently assigned to the Anchorage Field Office located in Anchorage, Alaska.

2. That as a result of my employment with ATF I have successfully completed the required training courses at the Federal Law Enforcement Training Center located in Glynco, Georgia. I have also attended additional training and have been qualified as an Interstate Nexus Specialist, a Certified Explosive Specialist and an ATF Medic.

3. That as a result of my training and experience as a Special Agent for the Bureau of Alcohol, Tobacco, Firearms and Explosives, I have received specialized training regarding the investigation and enforcement of Federal firearm and explosive violations and have conducted numerous investigations regarding individuals involved in illegal firearm/explosive activities.

4. During my employment with ATF, I have prepared, obtained and executed arrest and search warrants in federal and state jurisdictions and I know that it is a violation of Title 18, United States Code, Chapter 44, Section 922 (g)(1), for any person who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year to possess any firearm and/or ammunition, in or affecting commerce, or to receive any firearm and/or ammunition which has been shipped or transported in interstate or foreign commerce.

5. That I make this statement based upon my personal knowledge and interviews with law enforcement.

6. The affiant swears under oath this Information is based upon a review of Juneau Police Report #06-007058 and #2006-008062.

7. On or about March 12, 2006, a shooting occurred at the residence of 8509 Jennifer Drive #6, Juneau, Alaska. Two expended 9mm casings were located in the driveway. No one had been injured at the scene, but several bullets were recovered from residences that had been occupied at the time of the shooting. Information was obtained at the scene that the

shooter was Joshua Wade DUTTON. The driver of the vehicle observed DUTTON pull a firearm out from underneath the seat and shoot off at least two rounds. He stated that DUTTON tried to shoot the firearm without a clip, then he put the clip in and fired it off.

8. On March 13, 2006, a state arrest warrant was issued for Joshua Wade DUTTON.

9. On March 20, 2006, Juneau PD Officer Dallas obtained information that Joshua DUTTON was possibly staying at Sprucewood Trailer Park, #100 and that he was possibly with a cousin traveling in a black Chevrolet Blazer.

10. On March 21, 2006, Juneau PD Officer Gifford observed a black Chevrolet Blazer that left Sprucewood Trailer Park, #100, AK License plates DLM334. He also observed an individual sitting in the back seat of the vehicle lay down and appeared to be hiding. A traffic stop was conducted. Contact was made with the occupants of the vehicle. The back seat passenger sat up when officers approached the vehicle. He was identified as Joshua DUTTON. Juneau PD obtained a consent to search the vehicle. During the search, Juneau PD officers located a Hi-Point 9mm pistol, Model C-9, with an obliterated serial number and a loaded magazine under the back passenger seat where DUTTON was sitting.

11. On March 22, 2006, a criminal history check was completed in NICIC, which revealed that Joshua Joseph DUTTON was convicted in 2005 for a Felony Possession of Controlled Substance 3 Deliver/Poss IIA and for a Misdemeanor Theft.

12. In May of 2006, the affiant obtained a certified copy of the Judgment of Conviction for Joshua DUTTON out of the Superior Court for the State of Alaska First Judicial District at Juneau, case number 1JU-S05-562 CR for Felony Attempted Misconduct Involving a Controlled Substance in the 3rd Degree and Theft in the 3rd Degree dated October 31, 2005.

13. The firearm involved in this investigation was sent to the Alaska State Laboratory for examination. The Alaska State Laboratory was able to raise the serial number of the Hi Point 9mm pistol, Model C-9. The serial number was P1218864. Once the Alaska State Laboratory provided the serial number a firearm trace was submitted, along with checking the serial number in NCIC. At which time, it was determined that the firearm was listed as stolen. It had been reported to Juneau Police Department as stolen in 2005 under Juneau PD case number 2005-29980. In addition, the Alaska State Laboratory was able to test-fire the firearm taken on March 21, 2006 (Juneau case #2006-008062) and compared it to

    the casings taken from the shooting which had occurred on March 12, 2006 (Juneau case number 2006-007058). The laboratory was able to determine that the two casings were fired from the firearm.

14. On May 12, 2006, the affiant completed an interstate nexus report based upon the description of the firearm provided from the Alaska State Laboratory, along with digital photographs. The firearm was described as a Hi-Point 9mm pistol Model C-9, serial number P1218864. The affiant was able to determine that the firearm was not manufactured in the State of Alaska.

15. That in light of the above, I believe that there exists sufficient probable cause to arrest DUTTON for violations of Title 18, United States Code, Section 922 (g)(1).

DATED this 15th day of June, 2006.

FURTHER YOUR AFFIANT SAYETH NAUGHT.

                        /s/ Rebecca Anne Bobich
                        REBECCA ANNE BOBICH, Special Agent
                        United States Department of Justice
                        Bureau of Alcohol, Tobacco, Firearms and Explosives

SUBSCRIBED AND SWORN TO BEFORE ME this 15th day of June, 2006.

                        **Mary E. Guss [seal affixed]**
                        United States Magistrate Judge