Sue Ellen Tatter
Assistant Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
601 West Fifth Avenue, Suite 800
Anchorage, Alaska  99501
(907) 646-3400

Attorney for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  vs.<br><br>JOSHUA WADE DUTTON,<br><br>  Defendant. | NO. 1:06-cr-00001-JWS<br><br>**SENTENCING MEMORANDUM OF THE DEFENSE** |

The defendant, JOSHUA WADE DUTTON, through counsel, presents this memorandum for the sentencing set for November 3, 2006.

**I.   INTRODUCTION**

Joshua Dutton is a 21 year old who has been convicted of being a felon in possession of a firearm.

A.   <u>Nature and Circumstances of the Offense</u>

Juneau police stopped a sport utility vehicle on March 21, 2006.  They believed Mr. Dutton was riding in the vehicle, and they had an arrest warrant for him.  They

suspected that Mr. Dutton engaged in a shooting which occurred ten days earlier. Once police stopped the vehicle, they obtained consent of the owner to search.

Mr. Dutton was riding in the back seat. Under Mr. Dutton's seat, police found a 9mm pistol. Joshua Dutton had a state felony conviction from 2005 for possession of a controlled substance. The firearm had previously been reported stolen.

B. History and Characteristics of the Defendant

Joshua Dutton had a troubled youth, including school problems, psychological difficulties and placement at a youth facility. Joshua's deceased father was a schizophrenic who attempted suicide. He struck Joshua, resulting in the family calling police, who arrested the father. The father was committed several times to psychiatric hospitals. He berated Joshua's teachers when they tried disciplinary action. However, Joshua has a loving mother and siblings who remain committed to him. His younger sister has Down Syndrome and requires constant supervision and assistance. Joshua has consistently been gentle and patient with her. His older brother is a successful college student in California.

According to Bonnie Dutton, Joshua's mother, Joshua has severe dyslexia and may have bipolar disorder. He was prescribed medication, but resisted the side effects and self-medicated with marijuana.

C. Contested Issues

From the defense point of view, this case presents a guideline issue involving whether a four-level enhancement of the offense level should occur because of an allegation of an earlier shooting. There is also an issue under 18 U.S.C. § 3553(a) about

whether the guideline range results in jail time which is "greater than necessary" in light of Mr. Dutton's youth and amenability to treatment and rehabilitation on supervised release.

## II.    ENHANCEMENT ISSUE

The advisory guideline range here calls for 41-51 months imprisonment unless the court enhances the sentence by four levels under U.S.S.G. § 2K2.1(b)(5). Then the exposure becomes 57-71 months. This is a substantial increase, which the defense disputes. (The defense did not note this dispute in objections to the draft presentence report because that document did not assign the enhancement.)

The prosecution should be required to prove this enhancement by clear and convincing evidence. United States v. Ameline, 409 F.3d 1073, 1085 (9th Cir. 2005) (en banc); United States v. Jordan, 256 F.3d 922, 927 (9th Cir. 2001). It is true that police located shell casings from a residence following a report of a shooting. This report occurred about ten days before the police arrested Mr. Dutton in this case. It is also true that police obtained an arrest warrant for Mr. Dutton for that shooting. However, the connection between Joshua Dutton and the shooting depends on a single alleged eyewitness who is unnamed. That person may have been the perpetrator or may have been offered inducements, such as immunity, to inculpate Mr. Dutton.

At the present time, counsel believes the state indictment for the shooting has been dismissed. Mr. Dutton has not been convicted of this charge.

### III.     ISSUES UNDER THE SENTENCING STATUTE

Under 18 U.S.C. § 3553(a), the first issues for the court are the nature and circumstances of the offense and the history and characteristics of the defendant, discussed above. In addition to these categories, the court must also consider the "need" for the sentence imposed. The court should impose a sentence "sufficient, but not greater than necessary," to advance the statutory considerations. These considerations include deterrence, protection of the public, reflection of the seriousness of the offense, rehabilitation, restitution, avoidance of unwarranted disparity among defendants and the types of sentences available.

These considerations appear to warrant a jail sentence. However, the objectives of protecting the public and advancing Mr. Dutton's rehabilitation suggest that the sentence recommended by the presentence report – 60 months – is "greater than necessary." Mr. Dutton clearly has mental problems. Medication and therapy have advanced considerably since he was a youngster in treatment. For example, counsel has several clients in the Bureau of Prisons with bipolar disease or disorder now being treated successfully with anti-convulsant drugs carrying fewer side effects than previous medication. Some of these people have evened out their moods and become very productive.

Although Mr. Dutton may be resistant to treatment, both jail and supervised release can compel treatment. Within several years, Mr. Dutton should leave prison for supervised release with mental health treatment as a condition. This type of sentence will

protect the public in the long term and afford rehabilitation better than a sentence which warehouses Mr. Dutton for five or six years.

### IV.   CONCLUSION – SENTENCING REQUEST

The defense respectfully requests a sentence at the lower guideline range of 41 months. If the court applies the four-level enhancement, imprisonment for 41 months, with maximum supervised release and mental health treatment, is still appropriate under 18 U.S.C. § 3553(a).

DATED this 27th day of October 2006.

Respectfully submitted,

s/Sue Ellen Tatter
Assistant Federal Defender
601 West Fifth Avenue, Suite 800
Anchorage, AK 99501
Phone:	907-646-3400
Fax:	907-646-3480
E-Mail:	sue_ellen_tatter@fd.org

Certification:
I certify that on October 27, 2006,
a copy of the ***Sentencing Memorandum of the Defense*** was served electronically on:

David A. Nesbett
Assistant United States Attorney
U.S. Attorney's Office
222 West Seventh Avenue #9, Room 253
Anchorage, AK  99513-7567

and a copy was hand delivered to:

U.S. Probation & Pretrial Services
222 W. 7th Avenue, #48, Room 168
Anchorage, AK 99513-7562

s/Sue Ellen Tatter